# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff

**CIVIL NO. 04-2411(DRD)**

v.

**$114,948.00 IN U.S. CURRENCY,**
Defendants

## DEFAULT JUDGMENT

On December 23, 2004, Untied States of America ("plaintiff") filed a verified complaint for forfeiture *in rem* against $114,948.00 in U.S. currency. The lawsuit purports to recover property seized from a Mr. Jose Otilio on August 23, 2005 pursuant to 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317.

Upon failure of defendants to timely file an answer or any other responsive pleading, plaintiff moved for an entry of default against them through Mr. Jose Otilio wherein they also requested the entry of judgment by default against defendants. (Docket No. 8) Accordingly, on April 15, 2004, the Clerk entered default as to Mr. Jose Otilio and $114,984.00 in U.S. Currency. (Docket No. 9).

"The default of a defendant constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colon-Rivera, 204 F.Supp.2d 273, 274-75 (D.P.R. 2002), *citing:* Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (*In re* The Home Restaurants, Inc.), 285 F.3d 111, 114 (1st Cir. 2002) ("a party gives up right to contest liability 'when it declines to participate in the judicial process'"); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir. 1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"); Goldman, Antonetti, Ferraiouli, Axtmayer & Hertell v. Medfit Int'l., Inc., 982 F.2d 686, 693 (1st Cir. 1992) ("an entry of a default against a defendant establishes the defendant's liability"); Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir. 1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law."), *cert. denied*, 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976) ("[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established ... defendant's liability"); *see also* Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46 (D.P.R. 1974) (**"it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.... Defendant is deemed to have admitted all well pleaded allegations in the complaint. At the most, all that defendant can do is question the extent of the damages suffered by the plaintiff"**).

After careful consideration of said request, as well as the record, and the applicable law, the Court finds that plaintiff established through competent evidence that it is entitled to the forfeiture of defendant property. Accordingly, the **DEFAULT** entered on April 15, 2005 by the Clerk of Court against defendants is hereby **APPROVED AND RATIFIED**.

**DEFAULT JUDGMENT** is hereby **ENTERED** in favor of plaintiff, United States of America against the defendants.  Plaintiff, thus, is entitled to the forfeiture of the **$11,498.00** pursuant to 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317.  Defendants will also be responsible for the payment of the statutory interests from the date of the issuance of this Default Judgment.


**IT IS SO ORDERED AND ADJUDGED.**


**Date: May 27, 2005**                                           S/ Daniel R. Dominguez
                                                                 **DANIEL R. DOMINGUEZ**
                                                                 **DISTRICT COURT JUDGE**